UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BOLGER, | No. 2:18-cv-2247 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff brought this action seeking judicial review of a final administrative decision denying applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act.[2] On March 25, 2020, the court granted plaintiff's motion for summary judgment and remanded this matter for further proceedings. (ECF No. 21.) On remand plaintiff was awarded benefits. (ECF No. 26 at 2.)

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 11.)

1

1  On April 5, 2022, counsel for plaintiff filed a motion for an award of attorney's fees
2  pursuant to 42 U.S.C. § 406(b).  (ECF No. 26.)  At the outset of the representation, plaintiff and
3  plaintiff's counsel entered into a contingent-fee agreement.  (ECF No. 28-1.)  Pursuant to that
4  agreement plaintiff's counsel now seeks attorney's fees in the amount of $10,704, which
5  represents 25% of the retroactive disability benefits received by plaintiff on remand.  (Pl.'s Mot.
6  (ECF No. 26) at 2; ECF No. 27 at 1.)  Defendant has taken "no position with regard to the
7  reasonableness" of the motion.  (ECF No. 30 at 3.)
8  Attorneys are entitled to fees for cases in which they have successfully represented social
9  security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

15  42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42
16  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing
17  party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)
18  (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  Although an attorney fee
19  award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has
20  standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324,
21  328 (4th Cir. 1989), abrogated on other grounds in Gisbrecht, 535 U.S. at 807.  The goal of fee
22  awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants
23  while ensuring that the usually meager disability benefits received are not greatly depleted.
24  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).
25  The 25% statutory maximum fee is not an automatic entitlement, and the court must
26  ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section]
27  406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)
28  instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25

1    percent boundary . . . the attorney for the successful claimant must show that the fee sought is

2    reasonable for the services rendered." Id. at 807.  "[A] district court charged with determining a

3    reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

4    arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

5    Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

6          The Supreme Court has identified five factors that may be considered in determining

7    whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to

8    reduction by the court:  (1) the character of the representation; (2) the results achieved by the

9    representative; (3) whether the attorney engaged in dilatory conduct in order to increase the

10   accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the

11   amount of time counsel spent on the case; and (5) the attorney's record of hours worked and

12   counsel's regular hourly billing charge for noncontingent cases.  Crawford, 586 F.3d at 1151-52

13   (citing Gisbrecht, 535 U.S. at 808).  Below, the court will consider these factors in assessing

14   whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

15         Here, there is no indication that a reduction of fees is warranted due to any substandard

16   performance by counsel.  Rather, plaintiff's counsel is an experienced attorney who secured a

17   successful result for plaintiff.  There is also no evidence that plaintiff's counsel engaged in any

18   dilatory conduct resulting in excessive delay.  The court finds that the $10,704 fee based on 26

19   hours of attorney time, which represents 25% of the past-due benefits paid to plaintiff, is not

20   excessive in relation to the benefits awarded.  (Pl.'s Mot. (ECF No. 26) at 5-6.)  In making this

21   determination, the court recognizes the contingent fee nature of this case and counsel's

22   assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms.

23   See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003).

24         Accordingly, for the reasons stated above, the court concludes that the fees sought by

25   counsel pursuant to § 406(b) are reasonable.  See generally Azevedo v. Commissioner of Social

26   Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013)

27   (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner

28   of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8,

2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v. Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)).

An award of § 406(b) fees is, however, normally offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's counsel was previously awarded $5,000 in EAJA fees and the award under § 406(b) must be offset by that amount. (ECF No. 25.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 5, 2022 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 26), is granted;

2. Counsel for plaintiff is awarded $10,704 in attorney fees under § 406(b). The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder any withheld benefits; and

3. Upon receipt of the $10,704 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $5,000 previously paid by the government under the EAJA.

Dated: June 17, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ bolger2247.406(b).ord

4